UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Susan Yates,<br><br>                Plaintiff,<br><br>v.<br><br>Kilolo Kijakazi, Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. 2:21-cv-01511-DJA<br><br>**Order** |

Before the Court is Plaintiff Susan Yates' motion for summary judgment (ECF No. 25) and Plaintiff's motion to file her motion for summary judgment late (ECF No. 26). Also before the Court is the Commissioner's cross motion to affirm (ECF No. 27) and response (ECF No. 28). Plaintiff filed a reply. (ECF No. 30).

The Court grants Plaintiff's motion to file her motion for summary judgment late. (ECF No. 26). Because the Court finds that the Administrative Law Judge (ALJ) did not provide clear and convincing reasons for rejecting Plaintiff's ambulation testimony, it grants in part and denies in part Plaintiff's motion for summary judgment (ECF No. 25) and denies the Commissioner's countermotion to affirm (ECF No. 27). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Background.**

    *A.     Procedural history.*

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income on July 3, 2018, alleging disability commencing August 6, 2017. (ECF No. 25 at 3). The Commissioner denied the claims by initial determination on December 17, 2018 and again on reconsideration on April 22, 2019. (*Id.*). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on May 15, 2019. (*Id.*). The ALJ issued an

unfavorable decision on December 8, 2020. (*Id.*). On June 23, 2021, the Appeals Council denied review, making the ALJ's decision the final agency decision. (*Id.*).

### B.  The ALJ decision.

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920(a). (AR 24-35). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 6, 2017. (AR 26). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, peripheral neuropathy, carpal tunnel syndrome, diabetes mellitus, non-prolific retinopathy with macular edema, and chronic kidney disease. (AR 26). At step three, the ALJ found that that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. (AR 29). In making this finding, the ALJ considered Listings 1.02, 1.04, 11.14, 6.06-6.07, and 2.02-2.04 and SSRs 14-2p. (AR 29).

At step four, the ALJ found that Plaintiff has a residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with additional limitations.

> The claimant can lift twenty pounds occasionally, ten pounds frequently. She can stand, walk, or sit for six out of eight hours, each. She can occasionally use ramps and stairs but never climb ladders, ropes, or scaffolds. She can occasionally stoop, crouch, kneel, and crawl. She can never reach overhead bilaterally and can frequently handle and finger. She cannot read fine print. She is able to avoid common workplace hazards but cannot work at heights or with moving mechanical parts. She is unable to handle small objects, such as screws.

(AR 29).

At step five, the ALJ found that Plaintiff is capable of performing past relevant work as an administrative assistant, accounts receivable clerk, and office manager. (AR 34). Accordingly, the ALJ found that Plaintiff had not been disabled since August 6, 2017. (AR 35).

## II.  Standard.

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002). Section

405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action…brought in the district court of the United States for the judicial district in which the plaintiff resides."  The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.*  The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*.  *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193.  When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.

1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When a court reverses an ALJ's decision for error, the court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, the Ninth Circuit has recognized that in appropriate circumstances, courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits. *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). The Ninth Circuit has devised a three-part standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* at 1020.

### III. Disability evaluation process.

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a

determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.*; 20 C.F.R. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the

relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1520c for claims filed on or after March 27, 2017.

Step four requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42

**IV. Analysis and findings.**

   **A.   *Plaintiff's motion for leave to file her motion for summary judgment late.***

Plaintiff moves to file her motion for summary judgment late, explaining that counsel inadvertently missed the September 19, 2022 deadline and instead filed the motion on October 18, 2022. (ECF No. 26). The Commissioner did not respond to Plaintiff's motion. Under Federal Rule of Civil Procedure 6(b)(1)(B), the Court may extend time after it has expired if the

party failed to act because of excusable neglect. Under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to a motion constitutes a consent to the granting of the motion. Additionally, there is a public policy in favor of deciding cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Here, the Court finds that Plaintiff has demonstrated excusable neglect for missing the deadline to file her motion. Given the fact that the Commissioner did not respond to the motion and the Ninth Circuit's policy in favor of deciding cases on their merits, the Court thus grants Plaintiff's motion to file her motion for summary judgment late.

### B. Whether the ALJ properly rejected Plaintiff's subjective testimony.

#### 1. The parties' arguments.

Plaintiff argues that the ALJ improperly failed to give specific, clear and convincing reasons for rejecting Plaintiff's pain and symptom testimony. (ECF No. 25). Plaintiff asserts that the ALJ failed to identify the evidence which undermines Plaintiff's testimony and points out that it appears that the ALJ gives greater weight to periods when Plaintiff's symptoms were less severe. Specifically, Plaintiff asserts that the ALJ improperly rejected her testimony as inconsistent with the evidence regarding her vision, but the ALJ's discussion of Plaintiff's visual limitations had no foundation other than the ALJ's lay interpretation of medical evidence. Regarding Plaintiff's lumbar spine impairments, Plaintiff asserts that the ALJ unfairly relied on periods of relatively improved functioning. Regarding Plaintiff's ambulation, Plaintiff points out that while she did not use a cane at all times, she has recently suffered multiple falls which required treatment. Regarding Plaintiff not attending physical therapy, Plaintiff points out that she complained to her provider that physical therapy made her symptoms worse and thus, she had a good reason for noncompliance.

The Commissioner responds that the ALJ properly identified the aspects of Plaintiff's testimony that were inconsistent with the evidence in the record, identified and discussed that record evidence, and explained why the record contradicts Plaintiff's testimony. (ECF No. 27). The Commissioner points out that the ALJ did not completely reject Plaintiff's subjective symptom complaints, but further limited her RFC as a result of those complaints. Regarding

Plaintiff's complaints about her lumbar spine impairments and ambulation, the Commissioner argues that the objective medical evidence did not support her claims of disabling weakness, pain, and mobility issues.  Instead, it often demonstrated that she appeared healthy, was not in acute distress, did not have swelling or objective signs of pain, and had normal ranges of motion.  And while Plaintiff claimed to use a walker, on many occasions she had a normal gait and walked without difficulty or without assistive devices.[1]  Regarding Plaintiff's vision, the Commissioner asserts that Plaintiff repeatedly denied symptoms like blind spots, vision change, floaters, eye pain, double vision, peripheral vision loss, or vision distortion.  And Plaintiff retained the ability to drive short, familiar routes.

The Commissioner asserts that the ALJ's RFC limitations were not the ALJ's lay interpretation of the medical evidence, but rather were proper because it is the ALJ's responsibility to synthesize Plaintiff's limitations into an RFC.  The Commissioner argues in conclusion that state agency medical consultants Dr. Gupreet Chahal and Dr. R. Bitonte determined that Plaintiff was not disabled and that those opinions support the ALJ's decision to discount Plaintiff's subjective statements.  Specifically, the Commissioner points out that these doctors' opinions were less restrictive than the ALJ's RFC and that Plaintiff did not challenge either doctor's findings or the ALJ's decision to credit them.

Plaintiff replies that the ALJ's analysis of Plaintiff's subjective limitation testimony was lacking because the ALJ failed to adequately connect the dots between Plaintiff's evidence/treatment history and Plaintiff's ability to perform work on a sustained basis.  (ECF No. 30).  Regarding Drs. Chahal and Bitonte's opinions, Plaintiff asserts that their medical opinions only apply to the first step of the two-step subjective-pain analysis and thus, the ALJ could not rely on them to find Plaintiff's testimony not credible.  Instead, the ALJ was required to rely on

---

[1] The Commissioner also argues that the ALJ gave clear and convincing reasons for rejecting Plaintiff's complaints about the severity of her problems with grip strength, manipulative tasks, and lifting her arms above her head.  However, Plaintiff did not bring these issues up in her motion and did not address them in reply.  Because the Court only addresses fully developed arguments, it does not address the Commissioner's arguments on this point here.  *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

Plaintiff's subjective testimony, whether Plaintiff has a reputation for dishonesty, internal contradictions in the testimony, or conflicts between Plaintiff's testimony and Plaintiff's conduct.

### 2. Analysis.

An ALJ engages in a two-step analysis to determine whether a plaintiff's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) *superseded on other grounds by* 20 C.F.R. § 404.1502(a) (internal quotation marks omitted). "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citations omitted).

Second, "[i]f the [plaintiff] meets the first test and there is no evidence of malingering, the ALJ can only reject the [plaintiff's] testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the [plaintiff's] complaints." *Id.* Further, "[w]hile an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The Ninth Circuit recognized the clear and convincing evidence standard to be "the most demanding required in Social Security cases" and "not an easy requirement to meet." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). An ALJ's failure to provide "specific, clear and convincing reasons" for rejecting a plaintiff's pain and symptom testimony constitutes legal error that is not harmless because it precludes a court from conducting a meaningful review of the ALJ's reasoning and ensuring that the plaintiff's testimony is not rejected arbitrarily. *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). In making an adverse credibility

determination, the ALJ may consider, among other factors: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

The Court grants in part and denies in part Plaintiff's motion for summary judgment. Regarding the Plaintiff's vision, the ALJ explained that the record confirms diabetes mellitus related abnormalities, bilateral cataracts, and mild non-prolific retinopathy with macular edema. (AR 31). But the ALJ found that Plaintiff's testimony of general blindness to be inconsistent with records demonstrating that Plaintiff did not report visual impairments like blind spots, vision change, floaters, eye pain, double vision, peripheral vision loss, or visual distortion. The ALJ cited to records demonstrating intact visual fields and to Plaintiff's own testimony that she remained able to drive.

However, the ALJ's analysis is not clear and convincing with respect to Plaintiff's ambulation. Plaintiff testified that her low back pain and loss of foot sensation cause her ambulation problems and that she uses a cane for ambulation outside the home. As contradictory evidence, the ALJ points to the fact that Plaintiff lives in a third-floor apartment with no elevator and that Plaintiff's medical records between 2017 and July of 2020 demonstrate that Plaintiff often appeared at appointments with normal ranges of motion and normal, unassisted gait and ambulation. But the ALJ did not address Plaintiff's recent falls—in August 2020 and December 2020—or the impact on those falls on the credibility of Plaintiff's testimony. The Commissioner also failed to address Plaintiff's arguments on this point in response.

While Plaintiff's medical records spanning between 2017 and July of 2020 often contradict Plaintiff's testimony about the severity of her ambulation problems, the ALJ did not discuss Plaintiff's testimony that her ambulation issues resulted in falls. Nor did the ALJ provide clear and convincing reasons for rejecting that testimony. This is particularly absent because, although the ALJ mentioned that Plaintiff lives on the third floor as a reason for discrediting her

ambulation testimony, Plaintiff testified that she is waiting until her lease is up to switch to the first floor because she has fallen down the stairs twice. (AR 715).

Finally, regarding the Commissioner's arguments that the ALJ relied on Drs. Chahal and Bitonte's opinions to reject Plaintiff's subjective complaints, the Court does not find this to be the case. The ALJ relied on Drs. Chahal and Bitonte's opinions in determining Plaintiff's RFC, not as a reason to reject Plaintiff's subjective complaints. Indeed, the ALJ compared these opinions with the record to determine their persuasiveness, rather than comparing them with Plaintiff's subjective complaints to determine Plaintiff's credibility.

The Court thus finds that the ALJ erred in rejecting Plaintiff's testimony regarding her ambulation without addressing her testimony regarding her recent falls. The Court thus grants Plaintiff's motion for summary judgment in part and denies it in part. Specifically, the Court denies Plaintiff's motion to reverse and order payment of benefits because the three-part standard under which the Court can remand to the ALJ with instructions to calculate and award benefits is not met here. Under the first factor, the record would benefit from further administrative proceedings regarding Plaintiff's ambulation testimony. And under the third factor, even if the improperly discredited evidence regarding Plaintiff's difficulty ambulating were credited as true, it is not clear to the Court that the ALJ would be required to find Plaintiff disabled. The Court thus grants Plaintiff's motion regarding her request to remand the matter for further administrative proceedings and denies Plaintiff's motion regarding her request for reversal and payment of benefits. The Court also denies the Commissioner's countermotion to affirm.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to file her motion for summary judgment late (ECF No. 26) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 25) is **granted in part and denied in part.** The motion is granted regarding Plaintiff's request for remand. This case is remanded to the Social Security Administration for rehearing to further evaluate Plaintiff's subjective testimony regarding her ambulation consistent with this order. The motion is denied in part regarding Plaintiff's request for reversal and payment of benefits.

**IT IS FURTHER ORDERED** that the Commissioner's countermotion to affirm (ECF No. 27) is **denied**. The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: July 28, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE